# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

RECEIVED & FILED
2015 JAN 13   [illegible]
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| **vs.** | Case No. 3:11-CR-0241-005 (DRD) |
| CARLOS R. SERRANO-GONZALEZ, | |
| **Defendant.** | |

## DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND RETROACTIVE AMENDMENT 782

**COMES NOW**, Carlos R. Serrano-Gonzalez ("Defendant") and shall be referred to either as "Defendant", or by proper name, respectfully files the instant Motion for Reduction of Sentence pursuant to retroactive Amendment 782 and § 3582(c)(2) petitioning this Honorable Court in its discretion, to enter an Order reducing defendant's current sentence by, at least, the two levels envisioned by the Sentencing Commission in approving passage of the Amendment (782). Mr. Serrano-Gonzalez is proceeding in this matter without the representation of counsel, and respectfully invokes the rule established in *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se litigants "to less stringent standards than

formal pleadings drafted by lawyers").   In support of defendant's request for leniency from this Court, Mr. Serrano-Gonzalez offers the following.

## STATEMENT OF JURISDICTION

The jurisdiction of this Court arises under the United States Sentencing Guidelines (U.S.S.G.) § 1B1.10(c).  Federal courts generally do not have authority to modify a sentence once it has been imposed, but this rule of finality is subject to a few narrow exceptions-including a statutory exception under 18 U.S.C. § 3582(c)(2).  *Freeman v. United States*, 131, S.Ct. 2685, 2690-91, 180 L.Ed. 2d 519 (2011) (citing 18 U.S.C. § 3582(c)(2)).   If an amendment is listed in § 1B1.10(c), then the amendment is retroactive and a defendant is permitted to move for a reduction in sentence under 18 U.S.C. § 3582(c)(2).   *United States v. Quirion*, U.S. Dist. LEXIS 57542 (2009), (citing *United States v. Ahrendt*, 560 F.3d at 78 n.7. (1st Cir. 2009)).   Section 3582(c)(2) gives a district court jurisdiction and discretion to reduce a defendant's sentence.

On July 18, 2014, the Sentencing Commission, by a unanimous vote, agreed to apply Amendment 782 retroactively. As such, this Court has jurisdiction to decide the merits of this case, and to issue an Order, in its discretion, to grant or deny defendant's request for a reduction in his current term of imprisonment.

(2)

## STATEMENT  OF  THE  RELEVANT  FACTS:

1.  On September 19, 2011, Carlos R. Serrano-Gonzalez (Defendant) was indicted by a Superseding Indictment in the La Perla Ward, San Juan, District of Puerto Rico, Count 1s, for Conspiracy to Possess with intent to distribute at least two but less than 3.5 kilograms of cocaine within 1,000 feet of a protected location, in violation of Title 21 U.S.C. Sections 841(b)(1)(B), 846 and 860.  All remaining counts (1, 2, 2s, 3, 3s, 4, 4s, 5, 5s, 6, 6s) were dismissed on the motion of the United States.

2.  Mr.  Serrano-Gonzalez  entered  into  a  Plea  Agreement  with  the Government on August 6, 2012, as to count-1s based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least two but less than 3.5 kilograms of cocaine, Mr. Serrano-Gonzalez also conceded to the forfeiture provisions.

3.  Mr. Serrano-Gonzalez's Base Offense Level (BOL) started at 28, he then received a 3-level increase for an Aggravating Role, pursuant to U.S.S.G. § 3B1.2(a)(2) Manager or Supervisor; 2-levels increase for a Protected Location, pursuant to U.S.S.G. § 2D1.2(a)(1); and a 2-level increase for Forseeability of Firearms, pursuant to § U.S.S.G. 2D1.1(b)(1) (because members of the conspiracy would carry firearms), having a magnification of 7 levels, his BOL became 35.

Mr. Serrano-Gonzalez received a 3-level reduction for Acceptance of Responsibility, pursuant to U.S.S.G. § 3E1.1(b), having a Total Offense Level of 32, Criminal History Category (CHC) I, with a corresponding guidelines range of 121-151 months.

4. Mr. Serrano-Gonzalez was sentenced on February 27, 2013 to a term of 130 months to be served concurrently with the term imposed in Cr. 07-324 (ADC). Mr. Serrano-Gonzalez's sentence is to be followed by 8 years supervised release. This motion follows.


## APPLICABLE LAW:

[1.] Both the relevant federal statutes and the Sentencing Guidelines provide that a court has discretion to decide whether to apply, retroactively, an amended Guideline to reduce the length of incarceration. As the Supreme Court has explained, "Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect. 28 U.S.C. § 994(u). This power has been implemented in Guideline § 1B1.10 which sets forth the amendments that justify sentence reduction." *Braxton v. United States*, 500 U.S. 344, 114 L.Ed.2d 385, 111 S.Ct. 1854, 1858 (1991). Under 18 U.S.C. § 3582(c)(2), if a defendant was sentenced

(4)

according to a sentencing range that subsequently has been lowered by the Sentencing Commission, a court may reduce the term of imprisonment if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. See U.S.S.G. § 1B1.10;   "In fact, § 1B1.10(a) specifically provides,

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2)." *United States v. Guevara*, 260 F.Supp.2d 422  (1st Cir. 2003).

Granting a sentence reduction is within the court's discretion, but in order to determine whether a reduction is warranted, § 3582(c)(2) and section 1B1.10 of the Guidelines require the court to consider several specific factors. *Dillon, v. United States* 130 S.Ct. at 2692; USSG  § 1B1.10 cmt. n. 1(B)(i). First, a court must consider how the amended guideline range would have been applicable to the defendant if the range had been in effect at the time the defendant was originally sentenced.   USSG § 1B1.10(b)(1); Second, § 3582(c)(2) requires the court to consider factors set forth in 18 U.S.C. § 3553(a) to the extent each factor is applicable.   Though it is not required to make specific findings regarding each of the factors enumerated in § 3553(a), the court should tailor its comments to  show

(5)

that the sentence imposed is appropriate in light of these factors.

## FACTORS TO BE CONSIDERED IN IMPOSING A SENTENCE:

[2.] Under 18 U.S.C. § 3553(a), the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in paragraph (2) of this subsection.   The court, in determining the particular sentence be imposed, shall consider--

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from future crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of Title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section

(6)

994(p) of Title 28); and

    (ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of Title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) or Title 28);

(5) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28, United States Code, subject to any amendments made to such policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of Title 28); and

    (B) that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

## <u>REASONS TO GRANT THE MOTION</u>

In consideration of the above factors, this Court, during the sentencing hearing process took into consideration the factors listed herein in fashioning the current term of imprisonment, which included the Aggravating Role, Protected

(7)

Location, *Forseeability of* Firearm Enhancement and    Acceptance of Responsibility.    Therefore, because a certain number of those factors remain intact/unaffected, defendant will attempt to demonstrate the reasons, why this Court, should, grant a reduction to his term of imprisonment.

While, for example, the "nature and circumstances of defendant's offense", as well as his history, remains as it were during sentencing, the "characteristic" aspect of Mr. Serrano-Gonzalez has developed in a meaningful and positive manner.    This changed encounter however, is a part of many of the listed goals the sentencing factors, in § 3553(a), was designed to compliment.  For example, under § 3553(a)(2), the goals includes a sentence imposed "to provide the defendant with needed educational or vocational training" Id., at (2)(D) which, of course, would cover other intended goals such as, "to promote respect for the law." (Id., at (2)(A)).

Mr. Serrano-Gonzalez has taken advantage of his imprisonment to improve the quality of his life, which, among other things,  naturally  promotes respect not only for the law, but for society as a whole. Mr. Serrano-Gonzalez was, prior to incarceration, deficient in many areas of life (spiritually, mentally, and socially) but  has become skillful, knowledgeable, and soundly rehabilitated.

Mr. Serrano-Gonzalez has demonstrated an impeccable record of clear conduct, in his 7 years 6 months of incarceration, Mr. Serrano-Gonzalez's work history evaluations in the BOP are good, Mr. Serrano-Gonzalez has used his time wisely.   For example, GED Classes, ESL Classes, Religious Services, and Drug Education Classes, below, as shown by either the actual document, or by the Bureau of Prisons (BOP) transcript, defendant has educated himself in a manner that, without incarceration, most likely would never have  became  a  reality. Mr. Serrano-Gonzalez has completed the following courses, (EXHIBIT A, Transcript) (EXHIBIT B, Documents).

Mr. Serrano-Gonzalez has more than learned to respect the laws of this Country, by better respecting himself and the image he represents as a citizen, as an  individual,  and  as  a  human  being  not  greater  than  others.    Mr. Serrano-Gonzalez is ever so remorseful for the shame he has caused to his family, to himself, to society, and to those elected and appointed to keep our families safe from the type of corruption defendant was charged with, and those similar who have caused harm.

Aside from being eligible for a sentence reduction, Mr. Serrano-Gonzalez assures this Court that his mental and psychological makeup is  fully prepared to face life from a positive manner.   Mr. Serrano-Gonzalez has served a term of

imprisonment that has served its goals and purposes, and respectfully ask that this Court exercise its discretion to allow Mr. Serrano-Gonzalez to reunite with his loved ones at an earlier time frame than currently scheduled.

While a prolonged period of imprisonment may in some cases, be warranted, Mr. Serrano-Gonzalez states that this is not one such case. Any further, or prolonged period of confinement will not prove any more vital, to Mr. Serrano-Gonzalez or society, than the term already served in this case. Mr. Serrano-Gonzalez would ask that this Court permit him now rather than later, to began the demonstration process of his new mind and his new life.

Mr. Serrano-Gonzalez, as a matter of law, cannot present this Court with any "argument" as to why this Court must grant the requested relief. This is so, because this Court has <u>broad discretion</u> whether or not to grant any relief despite the Sentencing Commission's passage of the law as being retroactive. On this basis, Mr. Serrano-Gonzalez is at the mercy of this Honorable Court praying that the Court would exercise its discretion to reduce the current term of imprisonment by, at least, the two levels envisioned by the Sentencing Commission. Mr. Serrano-Gonzalez assert that he meets the criteria under 18 U.S.C. § 3582(c)(2), 1B1.10 and Amendment 782. With this, Mr. Serrano-Gonzalez prays for relief.

(10)

## LOWERING OF THE SENTENCING GUIDELINES

At Mr. Serrano-Gonzalez's original sentencing hearing, the Probation Officer established in Mr. Serrano-Gonzalez's Presentence Investigation Report (PSR), that the BOL, based on the amount of cocaine involved, resulted into a BOL of 28, with a corresponding CHC I. After applying Aggravating Role of, U.S.S.G. § 3B1.1(b), Forseeability of Firearms, U.S.S.G. § 2D1.2, Protected Location, U.S.S.G. § 2D1.2(a)(1) the offense level was increased by seven (7)-levels. Mr. Serrano-Gonzalez BOL became 35, CHC I, then Mr. Serrano-Gonzalez received Three (3)-levels for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1 granting him an BOL of 32, CHC I. This computation which was adopted by this Court, resulted into Mr. Serrano-Gonzalez's sentencing range of 121-151 months imprisonment. In light of retroactive Amendment 782, Mr. Serrano-Gonzalez's new BOL becomes 30, with a corresponding sentencing range of 97-121 months; a range that has substantially been lowered as a result of Amendment 782. Therefore, Mr. Serrano-Gonzalez qualifies and becomes eligible at the Court's discretion, for a reduction in the term of his imprisonment. To the extent Mr. Serrano-Gonzalez's original range (121-151 months), having been sentenced to the lower end of 130 months, falls outside the amended range (97-121 months), an option not

available to this Court   at   the   original sentencing hearing. Therefore, Mr. Serrano-Gonzalez meets the definition for a reduction in his term of imprisonment.

Mr. Serrano-Gonzalez is requesting that this court would exercise its discretion to impose  a   sentence at the bottom-end of the guidelines 97 months consistent with the Courts  sentence,  at  the lower end  of  guideline range.

## **CONCLUSION**

In light of all of the above facts, circumstances, supporting authorities, and this Court's discretion, Mr. Serrano-Gonzalez prays that this Honorable Court would exercise its discretion to downward depart for the two levels envisioned by the Sentencing Commission's retroactive application of Amendment 782.   Mr. Serrano-Gonzalez respectfully request the granting of this motion.

Respectfully submitted,

*Carlos Serrano*

Carlos Serrano-Gonzalez
Reg. No. 09497-069
F.C.I. Miami  (Camp)
P.O. Box 779800 Unit J
Miami, Florida, 33177
**Pro se**

(13)

## CERTIFICATE OF SERVICE

I  HEREBY  CERTIFY,  by  my  signature  below,  that  a  true  and  correct copy of the foregoing Motion for Reduction of Sentence was placed in the U.S. Mail, First Class, in a prepaid envelope on this _5ᵗʰ_ day of January, 2015, to the Office of the United States Attorney for the District of Puerto Rico, located at: 350 Ave. Carlos Chardon, Suite 1201, San Juan, PR 00918.

Carlos Serrano-Gonzalez
**Pro se**

(14)

# Exhibit A

```
     MIAB9          *      INMATE EDUCATION DATA          *     12-05-2014
  PAGE 001 OF 001 *             TRANSCRIPT               *     09:50:35

  REGISTER NO: 09497-069     NAME..: SERRANO GONZALEZ          FUNC: PRT
  FORMAT.....: TRANSCRIPT     RSP OF: MIA-MIAMI FCI
```

```
-------------------------- EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION                  START DATE/TIME  STOP DATE/TIME
MIA  ESL NEED    ESL NEED-SHOULD BE/IS ENROLLED 10-29-2008 0856 CURRENT
MIA  GED EP      ENROLL GED PROMOTE W/CAUSE     04-16-2010 0948 CURRENT
MIA  GED SAT     GED PROGRESS SATISFACTORY      08-26-2009 0944 CURRENT
```

```
-------------------------- EDUCATION COURSES --------------------------
SUB-FACL   DESCRIPTION                    START DATE  STOP DATE  EVNT AC LV  HRS
MIA SCP    CP SPANISH GED CLASS 1400-1530 03-10-2014  CURRENT
MIA SCP    AIDS AWARENESS                 04-03-2013  04-03-2013  P  C  P    1
MIA SCP    CP SPANISH GED CLASS 1400-1530 09-21-2010  10-12-2011  P  W  I  170
MIA SCP    SPANISH GED 9 - 10:30AM        12-16-2008  08-31-2010  P  W  I  320
MIA        AIDS AWARENESS                 02-12-2010  04-08-2010  P  C  P    1
EGL        1 DAY RELEASE PREP SEMINAR     11-19-1996  11-19-1996  P  C  P    6
EGL        GED SPANISH EVENING            06-23-1996  10-28-1996  P  W  V  175
EGL        ESL EVENINGS                   05-14-1995  05-15-1996  P  D  V  410
```

```
-------------------------- HIGH TEST SCORES --------------------------
TEST        SUBTEST       SCORE    TEST DATE     TEST FACL   FORM       STATE
CASAS       LIST LEV B    201.0    03-05-1996    EGL         L53
            LIST PLACE    206.0    04-24-1995    EGL         1
            READ LEV B    212.0    06-05-1995    EGL         33
            READ PLACE    204.0    04-24-1995    EGL         1
CTBS        MATH APPL       6.2    03-17-1995    EGL
            MATH COMP       7.2    03-17-1995    EGL
            MATH CONC       5.4    03-17-1995    EGL
            READ COMP       6.1    03-10-1995    EGL
            VOCABULARY      7.3    03-10-1995    EGL
SABE/2      MATH COMP       9.3    08-06-2009    MIA
            MATH CONC       6.7    08-11-2011    MIA
            READ COMP       8.1    05-14-2009    MIA
            VOCABULARY      9.1    10-30-2008    MIA
```

```
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

# Exhibit B



# CERTIFICATE OF PARTICIPATION

THIS CERTIFIES THAT

## Carlos Serrano

Has Participated

## RELAY FOR LIFE – CANCER WARRIORS TEAM

Given this 21 day of June, 2012

Metropolitan Detention Center Guaynabo, Puerto Rico

D. Pérez-Wills
Supervisor of Education

M. Burgos, Teacher
Relay for Life Coordinator

V. Colón
Recreation Specialist

# ~ Certificate of Achievement ~

This certifies that

*Carlos Serrano Gonzalez 09497-069*

has satisfactorily completed

*Alcoholics Anonymous*

Consisting of __10__ Hours of Training

This certificate is hereby issued this __15th__ day of __Jan__ , 20 __10__

Nona D. Cannevaro, M.S.
Drug Treatment Specialist



# Certificate of Achievement

awarded to:

**Carlos Serrano**

*Recreation Yard Detail Softball Team*
*Slow-Pitch Softball*
*FCI Miami*

This 16th day of April 2010

Scott Narder, Sports Specialist

# ≈ Certificate of Achievement ≈

**This certifies that**

*Carlos Gonzalez-Serrano*

**has satisfactorily completed**

*Drug Education*

**Consisting of __15__ Hours of Training**

**This certificate is hereby issued this __8th__ day of __Dec.__, 20 _01_**



Sherri Stebinsis, Psy.D.
DAP Coordinator

Nora B. Carvangh, M.S.
Drug Treatment Specialist



# Certificate of Achievement

awarded to:

## CARLOS SERRANO

*For successful completion of the*
**Modified Fast-Pitch Softball**
*through the Sports Program at the Recreation Department*

This 19th day of November 2009

Scott Narder, Sports Specialist

Carlos Serrano-Gonzalez
Reg. No. 09497-069
Federal Prison Camp
P.O. Box 779800 Unit J
Miami, Florida 33177
<u>Pro</u> <u>se</u>

CERTIFIED MAIL

7009 2820 0001 7404 5135



United States of America District Court
Clerk of the Court
150 EDIF Federal
San Juan, PR 00918-1767

***Legal Mail***                ***Legal Mail***

***Legal Mail***